Farr, J.
This is an action brought in this court by the Youngstown & Ohio River Railroad Company against the city of East Liverpool, to appropriate the right to use or occupy certain street and alley crossings in said city under favor of Section 3283, Revised Statutes (Gen. Code, 8763 et seq.), and came on for hearing upon the motion of the defendant filed to the petition herein to make the same more definite and certain, and some thirteen grounds are laid or reasons stated in said motion. It is not believed that it is important or necessary at this time to consider all the grounds so stated, but rather those which seem to be in point for the present. The twelfth ground asks that the plaintiff’s petition be made more definite and certain by requiring the plaintiff to state whether or not plaintiff’s right to cross the streets and alleys described in the petition has been determined by the court of common pleas as provided by law.
The Legislature of this state at its session in 1904 passed a law requiring railroad companies to make application to the court of common pleas for the purpose of obtaining permission to cross streets, roadways and alleys or, in fact, any sort of a highway at grade, and the Legislature at its session in the year 1908 amended said law by further perfecting the same and repealing the former section. It would seem that if such a proceeding is necessary to be had in the court of common pleas, that it should be terminated before the beginning of an action brought in the probate court under Section 3283, Revised Statutes (Gen. Code, 8763 et seq.). The law as amended 1908, 99 O. L., 58 (Gen. Code, 8898), and which is now in force provides that:
"Whenever it shall be desired by any railroad company constructing a new railroad, or in changing or altering the location of a railroad heretofore construed, or by any municipality or authority constructing a new highway that the railroad or highway should be so constructed that the railroad and highway shall *159 cross each other at the same grade, or if it is desired to divert, change or alter any existing public highway, a petition shall be presented by the party desiring such construction or diversion to the court of eommon pleas of the county within which said crossing or diversion is situated. * # * Said petition shall set forth the reasons that are supposed to make the same necessary or desirable; and the court of common pleas shall thereupon have jurisdiction of the parties and the subject-matter of such petition, and may proceed to examine the matter, either by evidence, by reference to a master commissioner or otherwise; and if satisfied that such construction is reasonably required to accommodate the public, or to avoid excessive expense, in view of the small amount of traffic on the highway or railroad, and considering the future uses to which said highway may be adapted, or in view of the difficulties or other methods of construction, or for other good and sufficient reasons, then it shall make an order or orders permitting such crossing at grade or diversion to be established; and it may, in such order, or orders, in its discretion, prescribe that gates, signals, watchmen or other safe guards shall be maintained by the railroad company, in addition to the signals and safe guards prescribed by statute, and all such orders shall be binding upon the parties and shall be observed by them. ’J
If such proceeding is necessary to be had in the court of common pleas before grade crossings may be authorized — and so the statute seems to specifically indicate — it is not believed that the preliminary question of “necessity” could be fully determined in this court in a proceeding under said Section 3283, Revised Statutes (Gen. Code, 8763, et seq.) until the prescribed statutory permission was obtained from the court of common pleas.
It will be observed that the language of the statute is mandatory; that is provides that whenever it shall be desired by any railroad company constructing a new railroad, or in changing or altering the location of a railroad heretofore constructed, a petition shall be presented by the party desiring such construction or diversion, to the court of common pleas of the county within which said crossing or diversion is situated. The language of this statute is positive and unequivocal and grade crossings could be made only in compliance with the same. It *160 was not the legislative intent to destroy the force and effect of Section 3283, Revised Statutes (Gen. Code, 8763 et seq.), but rather to make further provision with reference to such crossings and to provide adequate means for securing necessary safeguards to public travel at such points, no such provision being made by the foregoing section. These matters having been fixed by a proceeding in the common pleas court, it is believed that the unual statutory proceeding may be had in this court under favor of Section 3283, Revised Statutes (Gen. Code, 8763 et seq.), which provides for the longitudinal as well as the transverse occupation of a street by a railroad company; the longitudinal occupation or use being in no way provided for in this new section.
It is obvious that if the court of common pleas should find adversely to the claim of the petitioners for such crossing, that a proceeding to further appropriate could not be maintained in this court. Therefore, it is the opinion of the court that such statutory proceeding should be first terminated in the court of common pleas, and that the petition filed in this court for the purpose of appropriating the rights and privileges which are subject to appropriation under Section 3283, Revised Statutes (Gen. Code, 8763 et seq.), should so aver.
The motion, therefore, to make more definite' and certain as requested in paragraph twelve will be sustained.